UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID D. CROSSETT,<br><br>    Plaintiff,<br><br>v.<br><br>DOUGLAS SHUMWAY, and CARRIAGE CROSSING HOMEOWNERS ASSOCIATION, INC.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S EMERGENCY MOTIONS**<br><br>Case No. 1:25-cv-00147<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Pending before the court is Plaintiff David. D. Crossett's Emergency Motion for Medical Accommodations Enforcement Under the ADA or FHA (Accommodation Motion)[1] and Emergency Motion for Hearing and Temporary Injunctive Relief (Hearing Motion).[2] For the reasons explained below, the court DENIES the Motions.

## FACTUAL BACKGROUND[3]

This case concerns a dispute between a condominium owner and his homeowners association. Crossett suffers from multiple medical conditions, including legal blindness, diabetes, and bipolar disorder.[4] Crossett requested Carriage Crossing Homeowners Association, Inc. approve three live-in aides to assist him with daily movement, glucose monitoring, insulin

---

[1] Dkt. 22, *Emergency Motion for Medical Accommodation Enforcement under the ADA or FHA* (*Accommodation Motion*).

[2] Dkt. 23, *Emergency Motion for Hearing and Temporary Injunctive Relief* (*Hearing Motion*).

[3] The court draws these facts from the First Amended Complaint, Accommodation Motion, Hearing Motion, and exhibits attached thereto. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.").

[4] Dkt. 1-2, *Exhibit 1 of 6 to State Court Complaint* at 6–7; *Hearing Motion* at 4.

1

preparation, and safety needs.[5] With the request, Crossett submitted a letter from his treating physician stating "three live-in aides [are] medically necessary for Plaintiff's ongoing care."[6] Carriage Crossing permitted Crossett to have one live-in aide but denied his request for three.[7]

On November 20, 2025, Crossett experienced a medical emergency.[8] Around 3 p.m., his glucose monitor alerted Crossett that his blood sugar was over 300 mg/dL and rising rapidly.[9] No aide was present at the time.[10] Due to his blindness, Crossett could not locate his insulin or injection needle.[11] Crossett called Bountiful City paramedics who were able to locate the insulin and syringe in his home and prepare the dose.[12] The paramedics were not authorized to inject him, and Crossett had to administer the insulin himself in his unstable condition.[13]

## PROCEDURAL HISTORY

On September 18, 2025, Crossett filed a Complaint in the Second Judicial District of Davis County.[14] On September 29, 2025, Defendants removed the action to federal court.[15] On October 8, 2025, Crossett filed HIS First Amended Complaint.[16] On November 21, 2025,

---

[5] *Hearing Motion* at 4 (Crossett Affidavit ¶ 3); *see also First Amended Complaint* ¶¶ 7–8.

[6] *First Amended Complaint* ¶ 8.

[7] *Id.* ¶¶ 10–11 ("Defendants have not responded to the request . . . . This failure to engage constitutes a constructive denial of reasonable accommodation under federal law."); *see also* Dkt. 25, *Opposition to Emergency Motion for Medical Accommodation Enforcement Under the ADA or FHA* (*Opposition to Accommodation Motion*) at 2.

[8] *Accommodations Motion* at 4.

[9] *Hearing Motion* at 4–5.

[10] *Accommodations Motion* at 4.

[11] *Id.*

[12] *Id.*

[13] *Hearing Motion* at 5; *Accommodations Motion* at 4.

[14] Dkt. 1-1, *State Court Complaint* at 5.

[15] Dkt. 1, *Notice of Removal* at 2.

[16] *First Amended Complaint* at 1.

Crossett filed the Accommodation Motion and the Hearing Motion.[17] Defendants filed Memoranda in Opposition to both Motions on November 25, 2025.[18]

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs the court's power to issue injunctions and restraining orders.[19] The same standard applies for granting temporary restraining orders and preliminary injunctions.[20] A TRO is an extraordinary remedy that is "never awarded as of right."[21] Rather, granting such "drastic relief"[22] is the "exception rather than the rule."[23] To obtain relief, Crossett must establish "(1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest."[24] Crossett must show all four elements and that his right to relief is "clear and unequivocal."[25]

The Tenth Circuit disfavors mandatory injunctions—injunctions that disturb the status quo or require the nonmovant to take action.[26] When seeking a mandatory injunction, "the movant bears a heightened burden and must make a strong showing both with regard to the

---

[17] *See Accommodation Motion*; *Hearing Motion* [hereinafter, referred to collectively as *Motions*].

[18] *Opposition to Accommodation Motion*; Dkt. 26, *Opposition to Emergency Motion for Hearing and Temporary Injunctive Relief*.

[19] Fed. R. Civ. Pro. 65.

[20] *See Weichmann v. Ritter*, 44 F. App'x 346, 347 (10th Cir. 2002).

[21] *Colorado v. U.S. Env't Prot. Agency*, 989 F.3d 874, 883 (10th Cir. 2021) (internal citations and quotations omitted).

[22] *United States ex rel. Citizens Band Potawatomi Indian Tribe v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989).

[23] *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

[24] *Gen. Motors Corp., Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

[25] *Colorado*, 989 F.3d at 883; *Denv. Homeless Out Loud v. Denver*, 32 F.4th 1259, 1277 (10th Cir. 2022).

[26] *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1260 (10th Cir. 2005).

likelihood of success on the merits and with regard to the balance of harms."[27] Here, Crossett must satisfy this heightened burden because he requests relief that alters the status quo and requires Carriage Crossing to approve two additional live-in aides.[28]

Because Crossett is proceeding pro se, his Motions must be liberally construed.[29] However, the court may not act as Crossett's advocate.[30]

## ANALYSIS

Before the court are Crossett's two "emergency" Motions.[31] The Accommodations Motion seeks a court order compelling Carriage Crossing's "immediate approval and installation of the two additional A-level live-in aides."[32] The Hearing Motion seeks "a temporary injunction compelling Defendants to immediately approve the two remaining live-in aides."[33] Because the Motions seek similar injunctive relief and Crossett proceeds pro se, the court construes the Motions together to seek a TRO.

At the outset, the court notes neither Motion addresses the Rule 65 factors.[34] Crossett must make a strong showing that he is likely to succeed on the merits of his claim.[35] He fails to do so. Crossett asserts that Carriage Crossing's "failure to approve two additional A-level live-in

---

[27] *Gen. Motors*, 500 F.3d at 1226 (internal citation and quotation omitted); *see also Schrier*, 427 F.3d at 1258–59 ("Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." (citation modified)).

[28] *Accommodations Motion* at 3; *Hearing Motion* at 3.

[29] *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[30] *Noe v. True*, No. 21-1373, 2022 WL 5080196, at *2 (10th Cir. Oct. 5, 2022) (citing *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013)); *see also Witt v. Colorado*, No. 1:22-cv-02242-CNS-NRN, 2023 WL 2539294, at *1 (D. Colo. March 16, 2023) (denying TRO Motion because pro se plaintiff "cites no authority in support of his argument" and "provides no substantive analysis demonstrating the injunctive relief is warranted").

[31] *Motions*.

[32] *Accommodation Motion* at 3.

[33] *Hearing Motion* at 3.

[34] *See Motions*.

[35] *See Gen. Motors*, 500 F.3d at 1226.

aides as medically prescribed" violates the Americans with Disabilities Act (ADA) or the Fair Housing Act (FHA).[36] Specifically, he contends that the FHA "protects the right of a person with a disability to receive reasonable accommodations in housing, . . . includ[ing] the right to have live-in aides, overnight or full-time, when medically necessary."[37]

The FHA prohibits housing discrimination based on a renter's disability.[38] Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."[39] A failure-to-accommodate claim requires the plaintiff to show (1) he has a qualifying disability; (2) the defendant knows or should have known of his disability; (3) the accommodation is necessary to have an equal opportunity to use and enjoy his dwelling; (4) the accommodation is reasonable; and (5) the defendant refused to make the accommodation.[40] An accommodation is reasonable when it imposes "no fundamental altercation in the nature of the program or undue financial or administrative burdens."[41]

The Motions fail to show that the requested accommodation is reasonable. Crossett does not explicitly argue reasonability.[42] The closest attempt to establish reasonability is his

---

[36] *Accommodation Motion* at 1. The Motions do not cite to any particular section of the ADA. The legal framework for reasonable accommodation under the ADA and the FHA is identical. *Courage to Change Ranches Holding Co. v. El Paso Cnty.*, 73 F.4th 1175, 1187 (10th Cir. 2023). The ADA claim then rises and falls with the FHA claim. This Order follows Crossett's lead and focuses its analysis on the FHA.

[37] *Hearing Motion* at 3.

[38] 42 U.S.C. § 3604(f).

[39] *Id.* § 3604(f)(3)(B).

[40] *Carlson v. Carrington Square LLC*, 2025 WL 1017536, at *11 (D. Utah Apr. 4, 2025); *see also Courage to Change*, 73 F.4th at 1204.

[41] *Arnal v. Aspen View Condo. Ass'n, Inc.*, 226 F. Supp. 3d 1177, 1185–86 (D. Colo. 2016); *see also Utah Labor Comm'n v. Paradise Town*, 660 F. Supp. 2d 1256, 1259 (D. Utah 2009) ("'Reasonable accommodations' do not require accommodations which impose undue financial and administrative burdens. Or changes that would constitute fundamental alterations in the nature of the program." (quoting *Bryant Woods Inn v. Howard Cnty.*, 124 F.3d 597, 604 (4th Cir.1997)).

[42] *See Motions*.

statement regarding the accommodation Carriage Crossing has already granted: "Plaintiff notes that the Defendants have already approved one live-in aide, acknowledging by their own action that Plaintiff requires substantial support to survive. . . . Denying the remaining two live-in aides, despite direct medical prescription by Dr. Morell, is not only inconsistent but dangerously irrational."[43]  This argument fails to satisfy Crossett's heightened burden to establish the accommodation is reasonable.  Crossett provides no authority suggesting the approval of a more limited accommodation establishes the reasonability of a more expansive one.  Because this element is required to succeed under the FHA, Crossett has failed to meet his burden of showing a likelihood of success on the merits.[44]

While sympathetic to Crossett's plight, the court cannot find that the Motions clearly and convincingly establish Crossett is entitled to the extraordinary relief he requests.  The Motions[45] are DENIED WITHOUT PREJUDICE.  Crossett is not precluded from filing a motion consistent with Federal Rule of Civil Procedure 65.

SO ORDERED this 25th day of November, 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[43] *Hearing Motion* at 3.

[44] Accordingly, the court declines to consider whether Crossett establishes the other FHA elements.  Further, because the Motions do not establish a likelihood of success on the merits, the court also declines to consider the other Rule 65 factors.  *See Denv. Homeless Out Loud*, 32 F.4th 1259, 1277.

[45] Dkt. 22; Dkt. 23.