IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID D. CROSSETT,<br><br>Plaintiff,<br><br>v.<br><br>CARRIAGE CROSSING CONDOMINIUMS, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:25-cv-00147-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff David D. Crossett's Motion to Reinstate Terminated Defendants.[1] For the reasons discussed below, the Motion is GRANTED.

## BACKGROUND

This case concerns a dispute between a condominium owner and his homeowners association (HOA).[2] Crossett has been diagnosed with multiple medical conditions, including legal blindness, diabetes, partial amputation, and bipolar disorder.[3] The HOA has denied Crossett's request for three live-in aides to assist him with daily movement and monitoring.[4]

On September 18, 2025, Crossett brought this suit in state court alleging violations of federal fair housing laws.[5] On September 29, 2025, Defendants removed the action to federal court.[6] On October 8, 2025, Crossett filed his First Amended Complaint.[7] Neither Trevor

---

[1] Dkt. 37, *Motion to Reinstate Terminated Defendants Trever Midgley and HOA Strategies, LLC* (*Motion*).

[2] *See* Dkt. 7, *First Amended Complaint*.

[3] Dkt. 1-2, *Exhibit 1 of 6 to State Court Complaint* at 6–7.

[4] *See First Amended Complaint* ¶¶ 7–8, 10–11.

[5] Dkt. 1-1, *State Court Complaint* at 6.

[6] Dkt. 1, *Notice of Removal from State Court (Small Claims) for Federal Question* at 2.

[7] *First Amended Complaint* at 1.

1

Midgley or HOA Strategies, LLC were included as defendants in the original state court Complaint but were inadvertently removed from the First Amended Complaint.[8] Now pending before the court is Crossett's Motion to Reinstate Terminated Defendants.[9] The Motion is fully briefed and ripe for review.[10]

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 permits a plaintiff to amend the complaint with the court's leave and instructs the court to "freely give leave when justice so requires."[11] Granting leave is within the district court's discretion.[12] Rule 15 is intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[13] As the Supreme Court has explained,

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'[14]

The court must construe Crossett's pro se pleadings and motions liberally.[15] But the court may not act as his advocate.[16]

---

[8] *Compare id.*, *with State Court Complaint*. *See also Motion to Reinstate* at 1 ("Plaintiff did not intend to remove or dismiss any of the originally named parties.").

[9] *Motion*.

[10] Dkt. 39, *Opposition to Plaintiff's Motion to Reinstate Terminated Defendents [sic] [Dkt. 37]* (*Opposition*). The Local Rules permit but do not require Crossett to file a reply. *See* DUCivR 7-1(a)(4)(D)(iii). Crossett elected to not file a reply. *See generally Docket*.

[11] Fed. R. Civ. P. 15(a)(2).

[12] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

[13] *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted).

[14] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).

[15] *See Haines v. Herner*, 404 U.S. 519, 520–21 (1972); *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).

[16] *Noe v. True*, No. 21-1373, 2022 WL 5080196 (10th Cir. Oct. 5, 2022) (citing *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013)).

## ANALYSIS

Crossett seeks leave to amend the Complaint to add as defendants Trevor Midgley and HOA Strategies, LLC.[17] Both parties were original defendants in the state court litigation and inadvertently removed as defendants when Crossett filed a First Amended Complaint.[18]

Defendants first oppose the Motion because the termination of the defendants "was the direct and foreseeable result of Plaintiff's own amended pleading, not a clerical or procedural error."[19] This argument is unpersuasive. Crossett proceeds pro se. He inadvertently removed defendants from the caption when he amended the pleading as a matter of course. While this may be foreseeable, it is a mistake, nonetheless.

Defendants next oppose the Motion as procedurally improper because Crossett "has not properly moved to amend under Federal Rule of Civil Procedure 15."[20] The motion is titled "motion to reinstate terminated Defendants," but cites the proper federal rule to seek leave to amend.[21] The court is obligated to construe the pro se motion liberally. In so doing, the court construes this motion to seek leave to file an amended complaint under Rule 15. Defendants correctly point out Crossett has failed to submit "the proposed amended pleading as required by local practice and basic Rule 15 jurisprudence."[22] The Motion explained the proposed amendment: "reinstate Trever Midgley and HOA Strategies, LLC as named defendants in this

---

[17] *Motion* at 1.

[18] *See id.* at 1–2.

[19] *Opposition* at 1–2.

[20] *Id.*

[21] *Motion* at 1–2.

[22] *Opposition* at 2–3.

matter."[23]  This sufficiently gave Defendants notice of the proposed amendment.  The court will waive this procedure rule and permit amendment.

Defendants oppose the Motion as prejudicial.[24]  Defendants argue "undue prejudice" because Midgley and HOA Strategies "have been terminated from the case for months, have not participated in creating the scheduling order or other federal proceedings, have not made any disclosures in the case, and have reasonably relied on Plaintiff's amended complaint."[25]  This argument is unpersuasive.  Midgley and HOA Strategies were on notice of this case, since they were timely served with the initial complaint.[26]  The case is still in its infancy.  No dispositive motions have been filed by any party.  The Motion was filed within two weeks of the first scheduling order.[27]  Defendants have not specified how Midgley and HOA Strategies have relied on the First Amended Complaint.  The court concludes these facts do not amount to undue prejudice.

Defendants also argue amendment is futile.[28]  Defendants argue Crossett failed to "address prior defenses or deficiencies in his allegation." But as the party asserting futility, Defendants bear the burden.[29]  Defendants were on notice of the sole amendment: adding the inadvertently removed defendants.  The Opposition fails to demonstrate the claims against Midgley and HOA Strategies are futile.[30]  Accordingly, Defendants fail to satisfy this burden.

---

[23] *Motion* at 2.

[24] *Opposition* at 2, 3–4.

[25] *Id.* at 4.

[26] *Motion* at 1.

[27] *See* Dkt. 34, *Scheduling Order*.

[28] *Opposition* at 4.

[29] *Martin Marietta Materials, Inc. v. Kansas Dep't of Transp.*, 953 F. Supp. 2d 1176, 1181 (D. Kan. 2013), *aff'd*, 810 F.3d 1161 (10th Cir. 2016) ("The burden of showing futility rests with the [party] who assert[s] this ground in opposing . . . leave to amend.").

[30] *See Opposition*.

Ultimately, there is no showing of undue delay, bad faith, undue prejudice, or futility here.[31] Crossett made a mistake. He should be given the opportunity for his claims to be decided on the merits.[32] Accordingly, the court grants him leave to amend.

## CONCLUSION

For the reasons explained above, the Motion to Reinstate is GRANTED.[33] Crossett is ORDERED to file a Second Amended Complaint no later than March 4, 2026. The Second Amended Complaint may add Trever Midgley and HOA Strategies, LLC as defendants but must otherwise be the same as the First Amended Complaint. No additional changes are permitted.

SO ORDERED this 25th day of February 2026.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[31] *See Foman*, 371 U.S. at 182.

[32] *See Minter*, 451 F.3d at 1204.

[33] Dkt. 37.